IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE WIRTZ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNISYS CORPORATION, ET AL. | : | NO.  20-6401 |

## MEMORANDUM

**Padova, J.**                                                                              **March 30, 2022**

Plaintiff Michelle Wirtz filed this employment discrimination action pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., ("ADEA") and the Pennsylvania Human Relations Act, 43 Pa. Stat. Ann. § 951 et seq., ("PHRA") against Unisys Corporation ("Unisys"), Celso Puente, Sandra Patterer, Tiffany Moyer, Dianne Smith, Lawrence Schrader, and Brian Lantier.  Defendants Puente, Patterer, Moyer, Smith, Schrader, and Lantier (the "Individual Defendants") have moved to dismiss the Amended Complaint (the "Complaint") as against them for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the following reasons, we deny the Motion.

## I.      FACTUAL BACKGROUND

The Amended Complaint alleges the following facts.  Plaintiff, who is more than sixty years old, was hired by Unisys on or about August 22, 2018, as Marketing Manager of Financial Services and Commercial.  (Am. Compl. ¶¶ 2, 47.)  In March 2019, Plaintiff was promoted to Marketing Manager of Public Sector and Partner Alliances. (Id. ¶ 48.)

In June 2019, Rosanna Wilcox ("Wilcox") began discriminating against Plaintiff based on her age.  (Id.  ¶¶ 50-53).  Plaintiff reported Wilcox's action to Puente, who is Unisys's Vice President of Industry and Product Marketing and Wilcox's direct supervisor.  (Id. ¶¶ 4, 56).  Puente indicated to Plaintiff that Wilcox had treated others in the same manner, told Plaintiff that he had

already given Wilcox a warning, and informed Plaintiff that he would talk to Wilcox about her behavior. (Id. ¶¶ 57-58).   However, Puente did not take any action related to Wilcox's behavior. (Id. 59.)

Plaintiff also reported Wilcox's discriminatory behavior to her direct supervisor, Patterer, who is Unisys's Director of North American Field Marketing. (Id. ¶¶ 10, 61).  Patterer instructed Plaintiff to report the discrimination to Human Resources ("HR") and also reported the discrimination to HR herself.  (Id. ¶¶ 62-63).  In mid-June 2019, Patterer told Plaintiff to report to HR, where Plaintiff met with HR Representatives Moyer and Smith.[1] (Id. ¶¶ 64-65).  Moyer and Smith told Plaintiff that HR needed to investigate Wilcox's conduct.  (Id. ¶ 66.)  Plaintiff was concerned about retaliation and the confidentiality of any information she shared with HR but was told that "the information [she provided] would be kept as confidential as possible" and that retaliation would not be tolerated.  (Id. ¶¶ 67-68.)

Patterer gave Plaintiff her Plaintiff mid-year performance review on September 12, 2019. (Id. ¶ 77.)  Patterer told Plaintiff that she had done well, even though she was "doing the work of three (3) people" and had not received the support she needed.  (Id. ¶ 79.)  Nonetheless, Plaintiff was treated "disparately" than younger employees. (Id. ¶ 81.)  For example, one of Plaintiff's younger co-workers, who was fewer than forty years old, set up an outing with clients similar to an outing that Plaintiff had planned.  (Id. ¶¶ 82, 85.)  Plaintiff's younger co-worker received a bonus for planning the outing, even though Plaintiff did not receive a bonus for planning a similar outing.  (Id. ¶¶ 83-84.)

---

[1] The Complaint alleges that Moyer is employed by Unisys as a Human Resources Representative for the Marketing Group and that Smith is a Human Resources Director for Unisys. (Compl. ¶¶ 13, 18.)

Plaintiff scheduled a meeting with Unisys's Chief Marketing Officer, Ann Sung Ruckstuhl, for September 26, 2019.  (Id. ¶¶ 86-87.)  Plaintiff had a regularly scheduled meeting with Patterer on September 23, 2019.  (Id. ¶ 89.)  During their meeting, Patterer told Plaintiff that HR was concerned about Plaintiff's planned meeting with Ruckstuhl.  (Id. ¶ 92.)  Patterer wanted to discourage Plaintiff from reporting to Ruckstuhl, who was many levels above Patterer in Unisys's management structure, that she had experienced age discrimination that Unisys had not appropriately addressed.  (Id. ¶¶ 93-95.)  After her meeting with Patterer, Plaintiff asked Moyer whether HR had notified Patterer about Plaintiff's meeting with Ruckstuhl.  (Id. ¶ 96.)  Moyer denied knowing about Plaintiff's planned meeting with Ruckstuhl and said that HR would investigate Patterer's comments.  (Id. ¶¶ 97-98.)

Plaintiff met with Ruckstuhl on September 26, 2019.  (Id. ¶ 99.)  Plaintiff asked to be assigned more responsibility, similar to that of her younger colleagues, because Plaintiff had been assigned most of her group's minor tasks.  (Id. ¶¶ 100-01.)  Plaintiff also asked Ruckstuhl for advice on "manag[ing] up," i.e., "how she could handle being older and having more experience tha[n] th[e] individuals who supervised her."  (Id. ¶ 105.)

Plaintiff met with Patterer again on October 7, 2019.  (Id. ¶ 107.)  Patterer issued her a verbal performance warning because she "did not know how to use Dashboard," and "was not knowledgeable on her industries."  (Id. ¶¶ 108-09.)  These grounds were false, as Plaintiff used Dashboard almost daily and had helped Patterer access information on Dashboard because Patterer did not know how to use Dashboard.  (Id. ¶ 110.)  Plaintiff was upset by Patterer's comments and stated that she "'d[id] not know how [she would] come back from this.'"  (Id. ¶ 112.)  Patterer responded "'I agree.'"  (Id. ¶ 113.)  Plaintiff then spoke with Moyer to report Patterer's retaliatory behavior.  (Id. ¶ 116.)  Plaintiff also attempted to schedule a meeting with Patterer's supervisor,

Schrader, Unisys's Director of Global Marketing, to discuss Patterer's discriminatory and retaliatory actions, but Schrader canceled the meeting without giving Plaintiff any reason for the cancellation and did not reschedule the meeting.  (Id. ¶¶ 23, 117-19.)

On October 14, 2019, Patterer and Moyer met with Plaintiff and presented her with a Performance Improvement Plan ("PIP") in retaliation for Plaintiff's reporting Wilcox's age discrimination and the "discriminatory and retaliatory conduct" of  Patterer, Rosemary Lucey, Moyer, Smith, and Schrader.[2]  (Id. at ¶¶ 120-122).  Between October 14 and November 5, 2019, Patterer entered notes regarding Plaintiff's performance into Unisys's PIP system.  (Id. ¶ 123.) Patterer also criticized Plaintiff's performance during weekly meetings with her.  (Id.)

Plaintiff submitted rebuttals and requests for guidance with respect to her PIP objectives. (Id. ¶ 130.)   These documents were provided to Schrader, but he did not address the PIP notes or Plaintiff's rebuttals.  (Id. ¶ 132.)  Plaintiff asked Patterer for support and guidance in addressing her PIP objectives, but Patterer would not give her any assistance.  (Id. ¶¶ 133-134).  Patterer failed to assist Plaintiff because the performance issues attributed to Plaintiff were fabricated and pretextual and created to pad Plaintiff's file so that she could be terminated.  (Id. ¶ 135).  On December 3, 2019, Defendants terminated Plaintiff's employment. (Id. ¶137.)

The Complaint asserts six claims for relief.  Count I asserts a claim against Unisys for employment discrimination based on Plaintiff's age pursuant to the ADEA.  Count II asserts a claim against Unisys for a hostile work environment pursuant to the ADEA.  Count III asserts a claim against Unisys for retaliation pursuant to the ADEA.  Count IV asserts a claim of

---

[2] Lucey is alleged to have scheduled Plaintiff's meeting with Ruckstuhl.  (Compl. ¶ 87.) She is described as a Defendant in Paragraph 122 of the Complaint but is not named as a Defendant in the caption or anywhere else in the Complaint.  We consider her designation as a Defendant in Paragraph 122 to be a mistake.

employment discrimination based on age and national origin[3] against Unisys pursuant to the PHRA. Count V asserts a claim of retaliation against all Defendants pursuant to the PHRA. Count VI asserts a claim of aiding and abetting employment discrimination against the Individual Defendants pursuant to the PHRA. The Individual Defendants move to dismiss Count V as against them and Count VI on the ground that the Complaint does not plausibly allege facts that would subject them to liability pursuant to the PHRA.

## II.   LEGAL STANDARD

The Individual Defendants seek dismissal of Counts V and VI of the Complaint pursuant to Rule 12(b)(6). When deciding a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Alpizar-Fallas v. Favero, 908 F.3d 910, 914 (3d Cir. 2018) (quoting Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010). We take the factual allegations of the complaint as true and "'construe the complaint in the light most favorable to the plaintiff.'" Shorter v. United States, 12 F. 4th 366, 371 (3d Cir. 2021) (citing Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011)). However, we "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Wood v. Moss, 572 U.S. 744, 755 n.5 (2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

A plaintiff's pleading obligation is to set forth "'a short and plain statement of the claim,'" which "'gives the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (first quoting Fed. R. Civ. P. 8(a)(2); and then quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The complaint must contain "'sufficient factual matter to show that the claim is facially plausible,' thus enabling

---

[3] We note that the Complaint does not allege Plaintiff's national origin.

'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" <u>Warren Gen. Hosp.</u>, 643 F.3d at 84 (quoting <u>Fowler v. UPMC Shadyside,</u> 578 F.3d 203, 210 (3d Cir. 2009)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Iqbal,</u> 556 U.S. at 678 (citing <u>Twombly,</u> 550 U.S. at 556).  In the end, we will grant a motion to dismiss brought pursuant to Rule 12(b)(6) if the factual allegations in the complaint are not sufficient "'to raise a right to relief above the speculative level.'" <u>Geness v. Admin. Off. of Pa. Cts.,</u> 974 F.3d 263, 269 (3d Cir. 2020) (quoting <u>Twombly,</u> 550 U.S. at 555), <u>cert. denied,</u> 141 S. Ct. 2670 (2021).

## III.   DISCUSSION

Counts V and VI of the Complaint assert claims for retaliation and aiding and abetting age discrimination against the Individual Defendants pursuant to Sections 955(d) and (e) of the PHRA. (Compl. ¶¶ 186, 189).  The Individual Defendants argue that we should dismiss the claims against them because the Complaint fails to plausibly allege that they are Plaintiff's supervisors. Specifically, the Individual Defendants assert that "[i]t defies experience and common sense that a non-supervisory marketing employee in a large U.S. corporation would have six supervisors, two of whom are in a different department (according to the complaint, defendants Moyer and Smith are human resources employees)."[4]  (Individual Defs.' Mem. at 8.)

The PHRA provides, in pertinent part, that "[i]t shall be an unlawful discriminatory practice . . . (a) For any employer because of  the . . . age . . . of any individual . . . to refuse to hire or

---

[4] The Individual Defendants also assert that the Complaint fails to allege sufficient facts to show that they discriminated against Plaintiff because of her age or retaliated against her for making complaints of age discrimination.  However, they have completely failed to develop this argument in their Memorandum of Law.  Instead, their Memorandum focuses exclusively on their argument that the Complaint fails to plausibly allege that they are Plaintiff's supervisors for purposes of the PHRA.  Accordingly, we address only their argument that the Complaint should be dismissed because it fails to plausibly allege that they were Plaintiff's supervisors.

employ or contract with, or to bar or to discharge from employment such individual or independent

contractor, or to otherwise discriminate against such individual or independent contractor with

respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract .

. . ."  43 Pa. Stat. Ann. § 955.  The PHRA also makes it illegal "[f]or any person, employer,

employment agency or labor organization to discriminate in any manner against any individual

because such individual has opposed any practice forbidden by this act . . ."  and "[f]or any person,

employer, employment agency, labor organization or employee, to aid, abet, incite, compel or

coerce the doing of any act declared by this section to be an unlawful discriminatory practice . . .

.  Id. § 955(d), (e).  Individuals who are employed by the same employer as the Plaintiff may be

liable for aiding and abetting violations of the PHRA by the employer pursuant to 43 Pa. Stat. Ann.

§ 955(e) if they supervise the plaintiff.   See Dici v. Pennsylvania, 91 F.3d 542, 552-553 (3d Cir.

1996) (concluding that the plaintiff's supervisor was "a proper defendant under § 955(e) and might

be liable for aiding and abetting discriminatory practices, as [plaintiff had] pleaded facts which, if

true, could impose liability for violations of the PHRA"); see also Davis v. Levy, Angstreich,

Finney, Baldante, Rubenstein & Coren P.C., 20 F. Supp. 2d 885, 887 (E.D. Pa. 1998) (noting that,

under the PHRA, "in the appropriate factual scenario, an individual supervisory employee can be

held liable under an aiding and abetting/accomplice liability theory pursuant to § 955(e) for his

own direct acts of discrimination or for his failure to take action to prevent further discrimination

by an employee under supervision"  (citing Dici, 951 F. 3d at 552-53; Frye v. Robinson Alarm

Co., Civ. A. No. 97-603, 1998 WL 57519, *3 (E.D. Pa. Feb. 11, 1998); Smith v. Pathmark Stores,

Inc., Civ. A. No. 97-1561, 1998 WL 309916, *3 (E.D. Pa. June 11, 1998); Kohn v. Lemmon Co.,

Civ. A. No. 97-3675, 1998 WL 67540, at *8 (E.D. Pa. Feb. 18, 1998); Wien v. Sun Company, Inc.,

Civ. A. No. 95-7646, 1997 WL 772810, *7 (E.D. Pa. Nov. 21, 1997); Glickstein v. Neshaminy

Sch. Dist., Civ. A. No. 96-6236, 2017 WL 660636, at *12 (E.D. Pa. Oct. 22, 1997); Tyson v. CIGNA Corp., 918 F. Supp. 836, 841 (D.N.J. 1996))).  There is, however, no individual liability for aiding and abetting under the PHRA for non-supervisory employees.  Brzozowski v. Pennsylvania Tpk. Comm'n, 165 F. Supp. 3d 251, 263 (E.D. Pa. 2016), aff'd, 738 F. App'x 731 (3d Cir. 2018) ("Direct incidents of harassment by non-supervisory co-employees are not covered by § 955(e)." (citing Dici, 91 F.3d at 552–53)).

"Pennsylvania law does not define who is a 'supervisor' for the purpose of the PHRA, so it is appropriate to look to Title VII for guidance.  Nelson v. Allan's Waste Water Serv., Inc., Civ. A. No. 11-1334, 2014 WL 109087, at *2 (W.D. Pa. Jan. 10, 2014) (citing Dici, 91 F.3d at 552).  In Vance v. Ball State Univ., 570 U.S. 421 (2013), the Supreme Court held that "an employee is a 'supervisor' for purposes of . . . Title VII if he or she is empowered by the employer to take tangible employment actions against the victim."  Id. at 424.  The Supreme Court has defined "tangible employment action" as "'a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'"  Id. at 429, 431 (quoting Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 761 (1998)).

The Complaint alleges that Puente "set Plaintiff's work schedule, assigned her significantly different responsibilities, reprimanded her, and was involved in the decision to deny Plaintiff a promotion or terminate Plaintiff."  (Am. Compl. ¶¶ 4, 8.)  We conclude that the Complaint plausibly alleges that Puente was one of Plaintiff's supervisors for purposes of liability under the PHRA because it alleges that he could deny her a promotion, fire her, and reassign her with significantly different responsibilities.  See Vance, 570 U.S. at 429, 431 (quoting Burlington Indus., 524 U.S. at 761).  We thus deny the Motion to Dismiss with respect to the Individual

Defendants' argument that the Complaint fails to state a PHRA claim against Puente upon which relief can be granted because it fails to plausibly allege that Puente was Plaintiff's supervisor.

The Complaint further alleges that Patterer "assigned Plaintiff tasks, assigned Plaintiff to special projects, supervised and review[ed] Plaintiff's work, and maintained hiring and firing capabilities as it relates to Plaintiff." (Am. Compl. ¶ 12). We conclude that the Complaint plausibly alleges that Patterer was one of Plaintiff's supervisors for purpose of liability under the PHRA because it alleges that she could take tangible employment actions with respect to Plaintiff such as hiring, firing, and reassignment to different tasks. See Vance, 570 U.S. at 429, 431 (quotation omitted). Moreover, the Individual Defendants admit that the Complaint "describes events" with respect to Patterer "from which the Court might infer actual supervisory authority." (Individual Defs.' Mem. at 10 (citing Am. Compl. ¶¶ 60-61).) Therefore, we deny the Motion to Dismiss with respect to the Individual Defendants' argument that the Complaint fails to state a PHRA claim against Patterer upon which relief can be granted because it fails to plausibly allege that Patterer was Plaintiff's supervisor.

The Complaint alleges that Moyer "was involved in the decision to deny Plaintiff a promotion or terminate Plaintiff." (Id. ¶ 16.) We conclude that the Complaint thus plausibly alleges that Moyer was one of Plaintiff's supervisors for purpose of liability under the PHRA. See Vance, 570 U.S. at 429, 431 (quotation omitted). Accordingly, we deny the Motion to Dismiss with respect to the Individual Defendants' argument that the Complaint fails to state a PHRA claim against Moyer upon which relief can be granted because it fails to plausibly allege that Moyer was Plaintiff's supervisor.

The Complaint alleges that Smith "could be involved in the decision to deny Plaintiff a promotion or terminate Plaintiff." (Am. Compl. ¶ 21.) We conclude that the Complaint plausibly

alleges that Smith was one of Plaintiff's supervisors for purposes of liability under the PHRA because it alleges that she had the power to decide "to not promote and terminate Plaintiff." See Vance, 570 U.S. at 429, 431 (quotation omitted). We thus deny the Motion to Dismiss with respect to the Individual Defendants' argument that the Complaint fails to state a PHRA claim against Smith upon which relief can be granted because it fails to plausibly allege that Smith was Plaintiff's supervisor.

The Complaint alleges that Schrader "assigned [Plaintiff] significantly different responsibilities . . . and was involved in the decision to deny Plaintiff a promotion or terminate Plaintiff." (Am. Compl. ¶ 27). We conclude that the Complaint thus plausibly alleges that Schrader was one of Plaintiff's supervisors for purposes of liability under the PHRA. See Vance, 570 U.S. at 429, 431 (quotation omitted). We therefore deny the Motion to Dismiss with respect to the Individual Defendants' argument that the Complaint fails to state a PHRA claim against Schrader upon which relief can be granted because it fails to plausibly allege that Schrader was Plaintiff's supervisor.

Finally, the Complaint alleges that Lantier, Unisys's Head of Public Sector, "assigned [Plaintiff] significantly different responsibilities . . . and was involved in the decision to deny Plaintiff a promotion or terminate Plaintiff." (Am. Compl. ¶¶ 29, 33). We conclude that the Complaint thus plausibly alleges that Lantier was one of Plaintiff's supervisors for purposes of liability under the PHRA. See Vance, 570 U.S. at 429, 431 (quotation omitted). We therefore deny the Motion to Dismiss with respect to the Individual Defendants' argument that the Complaint fails to state a PHRA claim against Lantier upon which relief can be granted because it fails to plausibly allege that Lantier was Plaintiff's supervisor.

**IV.     CONCLUSION**

For the foregoing reasons, we deny the Individual Defendants' Motion to Dismiss in its entirety.  An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova

_____

John R. Padova, J.

11